IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR GONZALEZ, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 11-4809 |
| | : | |
| v. | : | |
| | : | |
| ALLENTOWN POLICE DEPARTMENT, | : | |
| and DET. THOMAS A. ANDERSON, | : | |
| Defendants. | : | |
| | : | |

**Memorandum Opinion and Order**

**RUFE, J.**                                                                                          **August 6, 2012**

Plaintiff Victor Gonzalez alleges that the Allentown Police Department and Detective

Thomas E. Anderson unlawfully incarcerated him, in violation of his constitutional rights under

the Eighth and Fourteenth Amendments.[1]  Defendants move to dismiss Plaintiff's Complaint for

failure to state a claim upon which relief may be granted.  The Court will grant Defendants'

motion, for the reasons set forth below.

**I. Background**

On June 24, 2008, Plaintiff was convicted of sexual assault in Connecticut.[2]  The Court

infers that he later moved to Pennsylvania, and was accused of failing to register as a sex

offender here.  Detective Anderson applied for an arrest warrant on January 19, 2010.[3]  A

magistrate judge signed an arrest warrant for Plaintiff based on his failure to register as a sex

---

[1] Compl. ¶ 4.

[2] Motion to Dismiss, Ex. B.

[3] Compl. ¶ 6.

offender in Pennsylvania as required by 42 Pa. C.S. § 9795.2.[4]

On January 26, 2010, Plaintiff was arrested on an unrelated bench warrant pertaining to a parole violation on a prior driving under the influence (DUI) conviction in Northampton County.[5] On February 5, 2010, after a hearing, Plaintiff was ordered to serve the remainder of his sentence on the DUI conviction.[6]

On June 14, 2010, the Megan's Law charges were *nolle prosequied*.[7]  However, Plaintiff was transferred back to the Northampton County Prison on July 16, 2010,[8] and remained incarcerated there for an additional six months.[9]  Plaintiff alleges that the six-month incarceration following the *nolle prosequi* of the Megan's Law charges violated his constitutional rights.[10]

## II.  Standard of Review

Dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" does not possess enough substance to show that plaintiff is entitled to relief.[11]  In determining whether a motion to dismiss is appropriate the court must consider those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in

---

[4] Compl. ¶ 6.

[5] Motion to Dismiss, Ex. H.

[6] Id.

[7] Compl. ¶ 6.

[8] Compl. ¶ 6.

[9] Compl. ¶ 4.

[10] Compl. ¶ 4.

[11] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

favor of the non-moving party.[12]   Courts are not bound to accept as true legal conclusions

couched as factual allegations.[13]   Something more than a mere *possibility* of a claim must be

alleged; the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

face."[14]   The Complaint must set forth "direct or inferential allegations respecting all the material

elements necessary to sustain recovery under *some* viable legal theory."[15]   The court has no duty

to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."[16]

In considering a motion to dismiss, the Court may consider the allegations in the

complaint, exhibits attached to the complaint, and matters of public record.[17]   Public records

includes "criminal case dispositions such as convictions or mistrials."[18]   Here, the Court finds

that it may consider Defendants' Exhibits B (Plaintiff's listing on Connecticut's Sexual

Offenders Registry) and H (the criminal docket regarding Plaintiff's DUI conviction, including

the ruling that he must serve the balance of his sentence, which the judge entered on February 5,

2010 after a hearing) without converting the Motion to Dismiss to a Motion for Summary

Judgment, as those exhibits contain public records regarding Plaintiff, and Plaintiff is on notice

---

[12] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[13] Twombly, 550 U.S. at 555, 564.

[14] Id. at 570.

[15] Id. at 562.

[16] Id. at 562 (citing McGregor v. Indus. Excess Landfill, Inc., 856 F.2d. 39, 42-43 (6th Cir. 1988)).

[17] Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

[18] Id. at 1197.

of the contents.[19]

## III. Discussion

A claim for cruel and unusual punishment requires that a prison official's act deprived the plaintiff of "the minimal civilized measure of life's necessities"[20] and also that the prison official acted with a "sufficiently culpable state of mind."[21]  The due process clause provides an individual must receive adequate notice and opportunity for a hearing prior to any deprivation of life, liberty, or property.[22]

Plaintiff alleges that his continued incarceration, from June through December 2010, after the charges against him were *nolle prosequied* was cruel and unusual punishment and thus violated his rights under the Eighth Amendment.  Plaintiff also argues that his continued incarceration deprived him of liberty without due process of law, in violation of the Fourteenth Amendment.

Defendants argue that Plaintiff was incarcerated from January 26, 2010 until December 22, 2010, for violation of parole on his DUI conviction.[23]  The criminal proceedings against Plaintiff under Megan's Law took place entirely within the same time frame.  The Court finds

---

[19] See Id. at 1196-97.

[20] Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

[21] Id. (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

[22] Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985).

[23] The Complaint makes no mention of Plaintiff's arrest, hearing, or detention for violation of parole. However, the facts alleged in the Complaint are not inconsistent with the facts found in the docket for the DUI case, which docket establishes independent grounds for his detention from January to December.  See, Motion to Dismiss, Ex. H.  In his Response in opposition to the Motion to Dismiss, Plaintiff does not contest the facts Defendant puts forth regarding the DUI conviction.

that Plaintiff's continued incarceration after the Megan's Law charges were *nolle prosequied* on

June 16, 2010 was proper, because he was incarcerated pursuant to violation of parole on an

unrelated DUI conviction and not for failure to register under Megan's Law.  Claims for false

arrest or false imprisonment are not viable when a plaintiff is incarcerated on unrelated charges,

as any detention does not deprive him of liberty.[24]  Thus, because Plaintiff was imprisoned from

January 26, 2010 through December 22, 2010, for violation of parole on a prior DUI conviction,

and he does not allege that he was deprived of due process with regard to his incarceration for

that parole violation, the Court finds that Plaintiff was not deprived of any liberty interest without

due process of law when he was incarcerated from June 16, 2010, when the Megan's Law

charges were *nolle prosequied*, through December 22, 2010, when he completed his sentence for

the DUI.  Plaintiff sets forth no facts alleging that he was subject to cruel and unusual

punishment during his detention.  Accordingly, the Court finds Plaintiff has failed to state a

claim upon which relief may be granted.

Additionally, the Court finds that Detective Anderson is entitled to qualified immunity in

this matter.  "The doctrine of qualified immunity protects government officials 'from liability for

civil damages insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known.'"[25]  The only facts alleged

with regard to Detective Anderson relate to his application for an arrest warrant for Plaintiff's

failure to comply with Megan's Law.  Plaintiff does not allege that Detective Anderson violated

---

[24] McCabe v. City of Philadelphia, 2002 WL 32341787, * 4 (E.D. Pa. Nov. 13, 2002), *aff'd* 76 F. App'x 464 (3d Cir. 2003).

[25] Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Plaintiff's clearly established constitutional rights in applying for that warrant, nor does he allege that the warrant was facially invalid.  The Complaint does not allege that Detective Anderson was in any way responsible for Plaintiff's incarceration for an additional six months after his Megan's law charges were dismissed.  Accordingly, as Plaintiff has failed to allege that Detective Anderson violated a clearly established right, Detective Anderson is entitled to qualified immunity.

## IV.  Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss will be granted.[26]

---

[26] As it dismisses the claims on other grounds, the Court does not reach Defendants' arguments that: 1) Plaintiff improperly sued the Allentown Police Department rather than the municipality; 2) Plaintiff fails to plead sufficient facts to assert that the Allentown Police Department is liable under Monell; and 3) Plaintiff's Complaint fails to state a claim for punitive damages. This ruling is without prejudice to Defendants' right to reassert those grounds for dismissal should Plaintiff file an amended complaint.